IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY AUSTIN GANT,

      Plaintiff,                    No. 2: 10-cv-1364 LKK KJN P

   vs.

M.D. McDONALD, et al.,

      Defendants.             <u>ORDER</u>

                             /

         Plaintiff is a former state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to compel and to modify the scheduling order. For the following reasons, defendants' motion is granted.

         Defendants move to compel plaintiff to attend his deposition. The background to this motion is as follows. When plaintiff originally filed this action, he was incarcerated in state prison. On February 8, 2011, plaintiff filed a notice of change of address indicating that he was no longer incarcerated. Plaintiff now resides in Redding, California. On February 14, 2011, defendants served plaintiff by mail with a notice of deposition at his new address. The notice stated that the deposition would take place on April 13, 2011, at the Office of the Attorney General in Sacramento, California. Plaintiff did not appear for his deposition on that date.

         In his opposition to the motion to compel, plaintiff states that he made

1  "numerous" telephone calls to defense counsel to arrange for the deposition to take place after his
2  release from incarceration, but defense counsel did not return his calls. Plaintiff also states that
3  because he is on parole, he must obtain permission from his parole officer to go further than fifty
4  miles from his assigned parole area. Plaintiff suggests that Sacramento is more than fifty miles
5  from his parole area.

6  In their reply to plaintiff's opposition, defendants attach the declaration of
7  plaintiff's parole agent, K. McClure. Agent McClure states that plaintiff is not prohibited by the
8  terms of his parole from attending his deposition in Sacramento. Agent McClure states that
9  plaintiff can obtain a travel slip to attend his deposition in Sacramento. According to Agent
10 McClure, plaintiff did not mention to him needing to attend a deposition in Sacramento nor did
11 he ask for a travel slip to attend the deposition.

12 Also attached to defendants' reply is a declaration by defense counsel who states
13 that on February 9, 2011, he received a voice mail message from plaintiff informing him of his
14 change of address. Plaintiff also left a voice mail message on May 11, 2011, after plaintiff failed
15 to attend his deposition and after defense counsel filed the motion to compel. According to
16 defense counsel, these are the only telephone calls he received from plaintiff.

17 Because plaintiff failed to attend his properly noticed deposition, defendants'
18 motion to compel is granted. Fed. R. Civ. P. 37(d). Plaintiff is ordered to attend the deposition
19 that defendants re-notice.[1]

20 Defendants also move for monetary sanctions of $1050 based on plaintiff's failure
21 to appear at his deposition. The court may impose sanctions on a party who fails to appear at a
22 deposition. Fed. R. Civ. P. 37(d)(3). The court must require the party failing to attend to pay the
23 reasonable attorneys' fees, caused by the failure, unless the failure was substantially justified or
24 other circumstances make an award of expenses unjust. Id.

25
26  [1] The parties may stipulate that plaintiff's deposition be taken by telephone or other remote means as permitted by Federal Rule of Civil Procedure 30(b)(4).

Plaintiff's failure to attend his deposition appears based on his misunderstanding of the terms of his parole. Although plaintiff should have clarified this matter with his parole agent, the undersigned finds that these circumstances do not warrant the imposition of sanctions at this time.

Defendants request that the scheduling order be modified so that there is sufficient time for them to take plaintiff's deposition and file a dispositive motion. Good cause appearing, this request is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (Dkt. No. 27) is granted; plaintiff shall attend the deposition re-noticed by defense counsel;

2. Defendants shall conduct plaintiff's deposition on or before August 26, 2011;

3. The dispositive motion cut-off date is re-set for October 14, 2011.

DATED: June 30, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gan1364.dep