IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY AUSTIN GANT,

    Plaintiff,                     No. 2: 10-cv-1364 LKK KJN P

    vs.

M.D. McDONALD, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On October 19, 2011, defendants filed a motion for summary judgment.  On November 2, 2010, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).  In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion might be deemed a waiver of opposition to the motion.

        On November 23, 2011, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days.  In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action

1

1  be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The thirty day
2  period has now expired and plaintiff has not responded to the court's order.

3  "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
4  an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,
5  1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a
6  court order the district court must weigh five factors including: '(1) the public's interest in
7  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
8  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
9  and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting
10 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
11 F.3d 52, 53 (9th Cir. 1995).

12 In determining to recommend that this action be dismissed, the court has
13 considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly
14 support dismissal of this action.  The action has been pending for 1 ½ years and has reached the
15 stage, set by the court's scheduling order, for resolution of dispositive motions and, if necessary,
16 preparation for pretrial conference and jury trial.  Plaintiff's failure to comply with the Local
17 Rules and the court's November 2, 2010, order suggests that he has abandoned this action and
18 that further time spent by the court thereon will consume scarce judicial resources in addressing
19 litigation which plaintiff demonstrates no intention to pursue.

20 Under the circumstances of this case, the third factor, prejudice to defendants
21 from plaintiff's failure to oppose the motion, also favors dismissal.  Plaintiff's failure to oppose
22 the motion prevents defendants from addressing plaintiff's substantive opposition, and would
23 delay resolution of this action, thereby causing defendants to incur additional time and expense.

24 The fifth factor also favors dismissal.  The court has advised plaintiff of the
25 requirements under the Local Rules and granted ample additional time to oppose the pending
26 motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

1    The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons set forth supra, the first, second, third, and fifth factors strongly support dismissal.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at 1263.

   For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 4, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gant1364.46